## JEWELL, *Adm'r*, *v.* COLBY.

An insane person is liable for his torts to the extent of compensation for the actual loss sustained by the injured party, except when the wrong lies in the intent.

Insanity in the defendant is an answer to a claim for greater damages on account of the intent or motive of the defendant.

Facts agreed.    December 7, 1889, the defendant, by his wrongful act, caused the death of Martha Fortier under such circumstances as amount in law to felony, except as the same might be modified by proof of the defendant's insanity.    The plaintiff is administrator of said deceased, and has given notice in accordance with s. 2, c. 71, Laws of 1887.    The writ is dated December 11, 1889.    The deceased left, surviving her, her husband and two children.    The action is brought to recover damages for the injury to the person and estate of said deceased caused by said wrongful act and her consequent death.

*Frank N. Parsons*, for the plaintiff.

*Sanborn & Hardy*, for the defendant.

BINGHAM, J.   In the agreed case, it appears that the defendant is guilty of causing the death of Martha Fortier by his wrongful act, unless it is otherwise by reason of insanity.   The question presented is, whether the defendant is liable for his torts, and especially those committed when insane.   The executor or administrator of a deceased person, whose death was caused by the wrongful act or neglect of another, may recover damages of the wrongdoer for the injury to the deceased person and his estate caused by such act, although the death, in law, may be a felony. The cause of action survives, and may be prosecuted by an executor or administrator the same as by an injured person when death does not ensue.   Laws 1887, *c.* 71.   *French* v. *Mascoma Flannel Co., ante, p.* 90.

Generally an insane person is liable for his torts to the extent of compensation for the actual loss sustained by the injured party; but when the wrong lies in the intent, and the intent is an impossibility, there can be no recovery.   Cool. Torts 103; Sedgw. Dam. (5th ed.) 456, *n.* 1; 1 Hill. Torts 228, *s.* 4; *Lancaster Co. Nat. Bank* v. *Moore,* 78 Pa. St. 407; *Jackson* v. *King,* 15 Am. Dec. 368, *n.; Morain* v. *Devlin,* 132 Mass. 87; *Bullock* v. *Babcock,* 3 Wend. 391, 393.   There may be an exception, however, in the case of an inevitable accident.   *Brown* v. *Collins,* 53 N. H. 442, 451.

On the facts stated in the case, evidence of the defendant's insanity is not admissible to defeat the right to recover, or at all, unless the plaintiff claims punitive, exemplary, or a greater sum in damages than compensation for the actual loss sustained, and the action may be maintained.   If greater damages are sought on account of the intent or malice of the defendant, insanity is a good answer to the same, as an insane person has no will or malice, and the measure of damages is compensation for the actual loss. *Krom* v. *Schoonmaker,* 3 Barb. 647.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.