WARREN P. NEAL *vs.* ALONZO SMITH, and another.

Washington.    Opinion February 24, 1897.

*Pleading. Declaration.    Tort.    Malice.    Degree of Proof.*

In an ordinary action of trespass or case for the wrongful occupation of land, it is not necessary to allege that the act was done maliciously, and, if malice be alleged, it need not be proved; unless in special instances where the allegation is a necessary part of the description of the offense.   The allegation of malicious intention in a declaration in an action of tort does not require that the facts alleged be established by any higher degree of proof than a preponderance of the evidence.

ON EXCEPTIONS BY DEFENDANTS.

This was an action on the case to recover for damage to the plaintiff's barn.

The case was heard and tried before the jury at the October term of this court sitting at nisi prius 1895.   The defendants pleaded the general issue, not guilty, and a brief statement alleging that they occupied the said barn by leave and license of the plaintiff.    The verdict was for the plaintiff, and the jury assessed damages in the sum of $48.00.

At the trial the plaintiff's counsel admitted that the burden of proof was on the plaintiff to show that the barn was carelessly and negligently injured by the defendants; but disclaimed any intention or expectation of satisfying the jury that the defendants maliciously intended and contrived to injure the plaintiff's barn; or that the defendants did maliciously injure it as alleged in the plaintiff's writ.    There was no evidence offered by the plaintiff to prove these allegations, but he claimed that the declaration was drawn in the usual form, and that the allegation of intent to maliciously injure the plaintiff should be regarded as surplusage; and that if the jury were satisfied that the defendants were negligent and careless in putting their hay in the barn and were not in the exercise of due care, the plaintiff was entitled to recover.

The defendants' counsel, on the other hand, took the position that as the defendants were charged with a criminal offense, and

as the action was one at common law instead of one brought under the statute, the allegation of intent must be proved beyond a reasonable doubt; that the allegation "contriving and maliciously intending" to injure the plaintiff as set out in the declaration, should not be regarded as surplusage, but being alleged against the defendants must be proved.

The presiding justice, among other things, charged the jury as follows :—

"Although it is alleged that the defendants maliciously and wilfully put the hay into this barn and maliciously contrived to injure the same, I instruct you that there is enough aside from those allegations contained in the declaration to support an action of negligence upon which the plaintiff relies. . . . . It was unnecessary to aver the maliciousness and viciousness on the part of these defendants, because it is for an action of tort and the gist of it being negligence, those averments will be dispensed with as surplusage. . . . .

Something has been said as to the burden of proof. In this case, as in all civil actions, the burden of proof is upon the plaintiff to satisfy you of his case; that he is entitled to recover. He must satisfy you not by evidence that satisfies you beyond a reasonable doubt, as in a criminal case, although the allegations contained in the writ are that it was done maliciously and wilfully, contriving and intending to injure the plaintiff. The rule does not change and throw upon the plaintiff a burden greater than in any other civil action, namely: to satisfy you by a preponderance of evidence that he is entitled to recover."

To these rulings and instructions the defendants excepted.

*H. H. Gray*, for plaintiff.

*Geo. E. Googins*, for defendants.

This is claimed to be an action on the case. The plaintiff's declaration substantially alleges that the defendants contriving and maliciously intending to spoil and damage, did maliciously and without leave or license injure the plaintiff's barn or building.

Wilful and malicious injury to a building is a crime under §

17, c. 127, R. S., of Maine. An action of trespass also lies under this statute to the party injured for the amount of injury so done, and for a further sum, not exceeding in all three times such amount, as the jury deems reasonable.

Plaintiff does not claim to recover under the statute, but in an action of case at common law grounded on negligence. The defendants are charged with the commission of a criminal act.

The plaintiff's declaration contains all the averments necessary and essential in an action of trespass upon the statute. Its language conforms more to a declaration of trespass than to one of case for negligence.

The words "contriving and maliciously intending to spoil, etc., did maliciously and without leave or license, injure the plaintiff's barn," is equivalent to those of the statute : " Whoever wilfully and maliciously injures any building, etc., without consent of the owner, etc."

Whenever such averment is made it must be proved. The act is made a part of the issue tried and raised by the pleadings, and the allegation must be proved as set out in the declaration. *Sinclair* v. *Jackson*, 47 Maine, 107 ; *Paul* v. *Currier*, 53 Maine, 526 ; *Knowles* v. *Scribner*, 57 Maine, 497.

Says WALTON, J., in the latter case :—" The amount of evidence required must depend, in a great measure, upon the character of the issue to be tried. The proof must be stronger to support a charge of wilful and malicious burning, than one of negligent burning merely.   .   .   .

By dispensing with the averment in this case we destroy the substance of the charge and alter the issue set out in the pleadings. The same evidence would not support trespass that would support case. The defense would be different. The material averments, in a legal sense, would not be the same.

The verdict is equivalent to saying that defendants are guilty of maliciously and wilfully intending to injure the plaintiff's barn, etc., which is a criminal offense under the statute, though no evidence is produced to support it. Judgment is prejudicial to the defendants.

The plaintiff should satisfy the jury of his case. His allegations should be proved.

Compare *Thayer* v. *Boyle*, 30 Maine, 475, with *Knowles* v. *Scribner*, 57 Maine, 495; and with that of *Paul* v. *Currier*, 53 Maine, 526.

See also *Decker* v. *Somerset Mutual Fire Ins. Co.*, 66 Maine, 408, as to amount of evidence required in civil actions.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. The plaintiff sues the defendants in an action of trespass on the case for forcibly occupying plaintiff's barn, and wrongfully keeping him out of possession of the same, and he avers in the declaration accompanying the writ that the conduct of the defendants was malicious.

On account of this special allegation of malice the defendants contend that the act charged against him must be proved beyond a reasonable doubt. If that ever was the doctrine in this State it is not the law now. While perhaps such a rule was at first inconsiderately allowed, by later and well-considered cases it has been rejected.

Further, the defendants contend that, inasmuch as malice is alleged, it must be proved. That is not so. The averment was an entirely unnecessary one—merely surplusage. If I wrongfully injure your property, real or personal, it matters not what my intention may be about it,—I am liable for the injury. With or without malice the actual damages would be the same. And still it may not be incorrect pleading to allege malice if exemplary damages are claimed, or if the plaintiff desires such a special finding by the jury of malice as will entitle him under a special statutory provision to execution, on his judgment, against the body of the defendant on which he cannot disclose until after an imprisonment of sixty days. But here, however, neither special damages or special execution is claimed by the plaintiff. The averment of malice could be expunged from the declaration without any effect whatever.

The true rule in cases of tort is, that allegations of malicious intent need not be proved unless in special instances where they are a part of the description of the offense, or so connected with material averments that they cannot logically be separated from them. That is not this case. All the authors on pleading assert the principle that bad intention unnecessarily averred need not be proved. It would be difficult to find any reputable authority opposed to this position. See *Lyon* v. *Merrick*, 105 Mass. 71, and cases cited. Also *Decker* v. *Gammon*, 44 Maine, 322.

*Exceptions overruled.*