PHILIP H. FELD, ADMINISTRATOR, *v.* ROSA BORODOFSKI.

[40 South. Rep., 816.]

1. LUNATIC. *Liability for tort. Assault and battery. Intent.*

A lunatic is liable to the extent of actual damages for an assault and battery committed by him, the intent being immaterial, although the declaration charges that the act was wrongfully done.

2. SAME. *Executors and administrators. Code* 1892, § 1933. *Probation of claims.*

A claim for damages for an assault and battery is not within Code 1892, § 1933, providing that all claims against the estate of a decedent shall be probated, since the section refers only to contractual claims.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Miss Borodofski, the appellee, was the plaintiff in the court below; Feld, the appellant, administrator of the estate of Joseph Emmers, deceased, was defendant there. From a judgment for $3,500 in favor of the plaintiff the defendant appealed to the supreme court.

Emmers sought the hand of Miss Borodofski in marriage. Presumably because the young lady rejected him, he shot her with a pistol, inflicting a serious and ugly wound in her face, and he then shot himself, from the effects of which he shortly afterwards died. The suit was by Miss Borodofski against the administrator of her deceased suitor's estate to recover damages which she had suffered because of the gunshot wound. The

administrator pleaded the insanity of his intestate, but the court below sustained a demurrer to the plea.    It was also claimed that no recovery could be had by the plaintiff, because her demand had not been probated under Code 1892, § 1933.

*Smith, Hirsh & Landau,* for appellant.

The rule is that an insane person is liable, just as is a sane person, for his torts, except those in which malice—and, therefore, intention—is a necessary ingredient.    16 Am. & Eng. Ency. Law (2d ed.), 623.    The declaration distinctly states that the testator assaulted the plaintiff with great force and violence, unlawfully and wrongfully; in other words, as we construe the declaration, there was an intentional and deliberate assault made on the plaintiff.    And, therefore, intention is a necessary ingredient.

In *McIntyre* v. *Sholty,* 121 Ill., 660 (2 Am. St. Rep., 140), the supreme court said: "Mr. Sedgwick, in his work on Damages, p. 456, says: 'On principle a lunatic would not be held liable for his tortious acts.'    Opposed to his view, however, are a majority of the decisions and the text writers."    Mr. Freeman says in his note to this case: "A lunatic is answerable for trespasses and torts in all cases where liability to the action is not dependent on the intent with which the wrongful act was done," citing several cases.

In the case at bar there was an intent to do an injury, as the very character of the wrongs complained of shows; for it is alleged that there were wounds on the face and the mouth, some of the teeth were knocked out, the flesh was lacerated.    We submit, therefore, to this court, for final adjudication, the question as to whether a lunatic, without the power to control his will or intention, who makes an assault upon another person, is liable for the damages produced.

There is another point in this case, however, based upon the failure of the appellee to probate her claim.    Code 1892, § 1933,

requires all claims to be probated within a year after first publication of notice to creditors. It is admitted in this case, as we have shown, that this claim of appellee was not probated; but it is insisted that the claim, or demand, of the plaintiff was not such as is required by law to be probated. To support this proposition appellee cites four cases decided in this court. We respectfully submit that none of these cases present a state of facts similar to that under review; in fact, none of them present a claim based upon a tortious act.

The first case relied on is *Gordon* v. *Gibbs,* 3 Smed. & M., 473. In that case it was held that the statute applies only to private dealings between the deceased and other individuals, and not to official bonds, such as an administrator's bond. The court say: "This is an official bond—not for a debt due by Gordon, but imposing a legal liability on the happening of a contingency. When it was given, it instituted no claim within the meaning of the statute, nor did it afterwards; it conferred only a right to recover liquidated damages."

In *Harris* v. *Hutcheson,* 65 Miss., 9 (s.c., 3 South. Rep., 34), it was held: "A right acquired by garnishment against a decedent in his lifetime before judgment on such garnishment is a mere liability of his estate, and not such a claim against the estate as is required to be registered under Code 1880, § 2028, which provides that 'all claims against the estate of a decedent' shall be barred unless registered within one year from date of notice. There is a distinction between 'claims' and 'liabilities.' Under the statute referred to, all claims, but not all liabilities, must be registered."

In *Jones* v. *Bank of Carrollton,* 71 Miss., 1023 (s.c., 16 South. Rep., 344), it was held that "where a dispute arises between a bank customer and the cashier as to whether certain money was delivered to the latter for deposit, and, pending a suit by the customer against the bank for the amount, the cashier dies, his contingent liability to reimburse the bank, on the

ground that he had not paid in the money, being dependent upon the result of such suit, is not such a claim as is required by Code 1880, § 2028, to be registered against his estate within one year after notice to creditors."

In *Robinelt* v. *Starling,* 72 Miss., 652 (s.c., 18 South. Rep., 421), it was held: "Under Code 1892, § 842, a creditor of a corporation may recover the amount of unpaid subscription of a stockholder to its capital stock, although he has given a note to the corporation for the same, payable on calls, and, having died before payment, the note has not been probated against the estate within the time provided by sec. 1933 of the code for the registration of claims against the estate of a decedent."

The statute provides that "it shall be the duty of an executor or administrator to speedily pay the debts due by the estate out of the assets, if the estate be solvent; but he shall not pay any claims against the deceased unless the same shall have been probated, allowed, and registered." Under this statute no hardship is imposed upon a party having a claim against a decedent to require him to make a statement of such claim in writing and present it to the administrator, and if it can be probated, to probate it, so that the administrator will know the exact condition of the estate at the expiration of the year within which claims should be filed. The claim in this case was the result of an act of the decedent; it was regarded by the appellee as an existing claim; and unless this court holds that no claims of this character are subject to probate, it should have been duly registered, so that the administrator could ascertain the exact condition of the estate.

*Bryson & Dabney,* for appellee.

"A lunatic is not responsible for crime, because he is not a free agent, capable of intelligent, voluntary action, and, therefore, is incapable of a guilty intent; but in a civil action for an injury done to the person or property of another the intent is

generally immaterial, and the rule is that an insane person is liable, just as is a sane person, for his torts, except for those torts in which malice—and, therefore, intention—is a necessary ingredient." In respect to this liability there is no distinction between torts of nonfeasance and of misfeasance; and, consequently, an insane person is liable for injuries caused by his tortious negligence. Insane persons are held to this liability on the principle that where a loss might be borne by one of two innocent persons it shall be borne by him who occasioned it.

The claim, or demand, of the plaintiff was not such as is required by law to be probated. This question has been passed on so often by this court that we shall not make any comment further than to cite the authorities. *Gordon* v. *Gibbs,* 3 Smed. & M., 473; *Harris* v. *Hutcheson,* 65 Miss., 9 (s.c., 3 South. Rep., 34); *Jones* v. *Bank of Carrollton,* 71 Miss., 1023 (s.c., 16 South Rep., 344); *Robinett* v. *Starling,* 72 Miss., 652 (s.c., 18 South. Rep., 421).

CALHOON, J., delivered the opinion of the court.

It is well settled that a lunatic is not liable at all criminally, nor for punitory damages in civil actions. It seems equally well settled that he is liable for compensatory damages for injuries he inflicts on the person or on property. *McIntyre* v. *Sholty,* 121 Ill., 660 (13 N. E. Rep., 239; 2 Am. St. Rep., 140, and notes); *Morse* v. *Crawford,* 17 Vt., 499 (44 Am. Dec., 349); *Behrens* v. *McKenzie,* 23 Iowa, 333 (92 Am. Dec., 428, and notes); *Williams* v. *Hays,* 143 N. Y., 442 (38 N. E. Rep., 449; 26 L. R. A., 153; 42 Am. St. Rep., 743, and notes); 1 Suth. on Dam., p. 43; 2 Suth. on Dam., p. 1101; 16 Cyc. (2d ed.), 623. This rule does not apply, of course, in actions for slander, where the intent is material. The case before us is within the general rule of liability, being an assault and battery, where intent is not material, and not within the exception where it is material. The fact that the declaration charges that the act was wrongfully

done does not bind the appellee to show intent or malice. The injury is the thing, regardless of intent—or malice, which is involved in intent.

We do not think a claim for damages is one for probate against the estate of a deceased person, under Code 1892, § 1933. That section has reference to contractual claims, and not to those *ex delicto.* It must be such a claim as might be paid, if the estate were solvent, by an executor or administrator, and which, if *bona fide* and proper, would afford him protection. *Sumrall* v. *Sumrall,* 24 Miss., 258. This could never be with an uncertain demand for damages for assault and battery. The claim to be probated must be one which, if paid by the executor or administrator, would, *prima facie,* entitle him to credit. *Gray* v. *Harris,* 43 Miss., 421. The terms of the statute fully sustain this, as does the reasoning of the court in *Robinett* v. *Starling,* 72 Miss., 652 (18 South. Rep., 421), and in cases cited in appellee's brief, as also in 2 Words & Phrases, 1205, 1206.

*Affirmed.*