Floyd Roberts, Administrator of the Estate of William M. Roberts, Deceased, Appellee, v. Clara B. Hayes, Administratrix of the Estate of Thomas J. Hayes, Deceased, Appellant.

Opinion filed March 6, 1936.

ARTHUR ROE, CHARLES R. MYERS, both of Vandalia, and JESSE R. BROWN, of Edwardsville, for appellant.

J. G. BURNSIDE, of Vandalia, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

The complaint set forth that on May 26, 1934, Thomas J. Hayes, intestate of appellant, brought about and encompassed the death of William M. Roberts, intestate of appellee, by a wrongful and wilful act, by firing a revolver bullet wilfully and intentionally into the body of said Roberts. Appellee answered, denying that said Hayes occasioned the death of Roberts by any wrongful or wilful act, denied that he intentionally fired the shot as alleged, and averred that Hayes, at the time of the shooting, was insane and incapable of forming an intent or acting wilfully.

The suit was brought under the Injuries Act, Ill. State Bar Stats. 1935, ch. 70, by appellee, as administrator of the estate of Roberts, in behalf of his next of kin, against the administratrix of Hayes' estate, the latter having killed himself after shooting Roberts. Upon a trial there was a jury verdict for $5,000, upon which the court entered judgment, and from which appellant appeals.

The principal reasons urged as grounds for reversal are the refusal of the trial court to permit appellant to make proof that Hayes was insane at the time of the shooting, the striking of certain testimony, and the refusal to give certain instructions bearing upon the question of insanity as a defense to the action.

The law is well settled that where a lunatic wrongfully kills another, he or his estate, if he thereafter, and before the suit, shall die, is liable in a civil action for damages in behalf of the next of kin of the person killed. *McIntyre v. Sholty,* 121 Ill. 660; *Seals v. Snow,*

123 Kan. 88, 254 Pac. 348; *Young v. Young,* 141 Ky. 76, 132 S. W. 155; *Jewell v. Colby,* 66 N. H. 399, 24 Atl. 902. And it is further held by such authorities that evidence of the insanity of the defendant at the time of the wrongful killing is not admissible when offered in defense of the action.

Appellant, however, contends that the complaint having charged that the shooting was wilfully and intentionally done, appellee was under the obligation of proving such intention, and that the way was thereby opened for the defense to plead and prove insanity; that such, if proven, was a complete defense to the action, whereby it became and was competent to offer evidence as to the mental condition of Hayes at the time of the killing, and that the ruling of the court rejecting such offers was to deny to appellant her defense.

An insane person has no will, and his acts necessarily lack the element of wilfulness or intention, hence obviously it is not essential to allege or prove his torts as having been done wilfully or with any evil intention. *McIntyre v. Sholty, supra; Feld v. Borodofski,* 87 Miss. 727, 40 So. 816; Buswell on Insanity, sec. 355; 32 Corpus Juris, 749.

The charge in the complaint that Hayes wrongfully brought about and encompassed the death of Roberts by shooting him was an adequate and complete statement of an unjustifiable killing. The further allegation that same was wilfully and intentionally done was wholly unnecessary and added nothing to the sufficiency of the charge. Such matters of pleading, being beyond the circumstances necessary to constitute the cause of action, are surplusage. *State v. Whitehouse,* 95 Me. 179, 49 Atl. 869; *Bradley v. Reynolds,* 61 Conn. 271, 23 Atl. 928.

Averments of a complaint which are mere surplusage, as being immaterial and unnecessary, do not

affect the sufficiency of the pleading nor require proof thereof. *Jones v. Sanitary Dist.,* 265 Ill. 98; *Barnes v. Northern Trust Co.,* 169 Ill. 112, 118; *Feld v. Borodofski, supra; Cavanagh v. Tyson, Weare & Marshall Co.,* 227 Mass. 437, 116 N. E. 818; *Neal v. Smith,* 89 Me. 596, 36 Atl. 1058; *DePaola v. National Ins. Co.,* 38 R. I. 126, 94 Atl. 700; and further, an immaterial allegation need not be proved even though issue is joined thereon. *Feld v. Borodofski, supra; Billingham v. Bryan,* 10 Iowa 317; 49 Corpus Juris, 788, sec. 1162.

Under the rule of the authorities cited, the allegation that the shooting was wilfully and intentionally done was wholly unnecessary as matter descriptive of the charge, was surplusage, and as such, appellee was not required to make proof of same; nor did the fact that appellant set up in her answer insanity, which, under the authority of *McIntyre v. Sholty, supra,* was no bar to the action, constitute same a defense to the cause, it being admittedly set forth to meet the surplusage of the complaint and for no other purpose.

For which reasons we think the court correctly ruled against the proffered testimony as to the mental condition of Hayes at the time of the fatal occurrence, and properly struck from the record evidence previously admitted which bore upon the question.

The instructions offered by appellant and refused by the court were based upon the insanity of Hayes as a defense to the action, and hence were properly rejected.

We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*