Harold G. SIMON et al., Appellants,

v.

William K. DIBBLE, Appellee.

No. 14273.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1964.

Rehearing Denied July 15, 1964.

Oliver & Oliver, John Hagy, Jr., San Antonio, for appellants.

Bruce Waitz, Morris L. Collins, V. H. McFarland, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit presents the question of whether or not an insane husband who shoots and kills his wife, may receive the proceeds of insurance policies taken out by her with him as beneficiary, and whether or not he may inherit her share of the community property. On November 12, 1962, Orlando V. Dibble, Jr., while insane, shot and killed his wife, Sabina Julia Dibble. She left two insurance policies in which he was the beneficiary, and the insurance companies have paid into court the proceeds of these policies with the request that the court determine who should receive them. Article 21.23 of the Insurance Code, V.A.T.S., reads as follows:

"Art. 21.23. Forfeiture of Beneficiary's Rights

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance. Acts 1951, 52nd Leg., ch. 491."

It is quite clear that under the provisions of this Article the husband who has willfully killed his wife cannot receive the proceeds of an insurance policy taken out by her with him as the beneficiary. However, a different situation is presented here. The husband is insane, and therefore not capable of willfully taking the life of his wife. Orlando V. Dibble, Jr., was tried for the murder of his wife, and was acquitted upon the ground that he was insane at the time he did so. Further, the parties here have stipulated that Dibble was insane at the time he killed his wife.

We find no case in this State passing directly upon the question, but there are authorities from other jurisdictions which we feel should be controlling on this question. Metropolitan Life Insurance Co. v. McDavid, District Court, Michigan, 1941, 39 F.Supp. 228; Eckardt's Estate, 184 Misc. 748, 54 N.Y.S.2d 484; Eisenhardt v. Siegel, 343 Mo. 22, 119 S.W.2d 810; Holdom v. Ancient Order of United Workmen, 159 Ill. 619, 621, 43 N.E. 772, 773, 31 L.R.A. 67; Anderson v. Grasberg, 247 Minn. 538, 78 N.W.2d 450; 39 A.L.R.2d 493, § 9.

Appellants cite the case of Roberts v. Hayes, 284 Ill.App. 275, 1 N.E.2d 711, but that case is not in point and is distinguishable from the case at bar because there was a wrongful death, and there was an action for damages in tort. While an insane person may be held responsible in damages for a wrongful tort, this is quite different from denying an insane killer the right to inherit from his wife, whom he has killed while insane.

The husband was the sole beneficiary under the will of his wife, but had there been no will, he would have been the sole heir of her property, so it makes no difference here whether her estate passes under her will or by the law of descent it goes to her husband.

The judgment of the trial court is affirmed.