Mrs. N. L. GILES et al., Appellants,

v.

Evelyn Jean WIGGINS et al., Appellees.

No. 17026.

Court of Civil Appeals of Texas.

Fort Worth.

May 16, 1969.

Rehearing Denied June 20, 1969.

Cornett, Flanary, Echols & Bailey, and Leighton Cornett, Paris, for appellants.

Spence, Martin & Richie, and Howard L. Martin, Wichita Falls, for appellee, Evelyn Jean Wiggins.

Friberg & Parish, and Elmer H. Parish, Wichita Falls, for appellee, National Life & Accident Insurance Co.

Sanders, Masters & Watson, and Marvin H. Brown, Wichita Falls, guardian ad litem, for Larry DeWayne Giles, a minor.

## OPINION

LANGDON, Justice.

This suit involves ascertainment of the rightful claimant to the proceeds of a life insurance policy issued by National Life and Accident Insurance Company. The latter, as stakeholder, filed the suit and deposited $8,009.11 into the registry of the court for disposition by it to the claimants entitled thereto.

Vergia L. Giles, insured, was shot by his wife, Evelyn Jean Wiggins, nee Evelyn Jean Giles, appellee and primary beneficiary of the policy, on September 4, 1966. He died as result thereof on September 14, 1966.

The case was tried to the court without a jury. The court, contrary to the claims of the appellants (decedent's next of kin) found that the beneficiary (appellee) at the time of the shooting was acting in self-defense and because thereof did not willfully bring about the death of the insured and therefore was entitled to the proceeds of the policy.

On appeal the appellants contend that the evidence was insufficient to support the

judgment because it (the evidence) conclusively showed that the conduct of the appellee in killing her husband was willful and therefore appellants, as next of kin, were entitled to judgment.

We affirm.

Article 21.23 of the Insurance Code is based upon Art. 5047, V.A.C.S., which was enacted in 1919. It is unchanged. By its terms the interest of the beneficiary under a policy of insurance is eliminated or cancelled in favor of "the nearest relative of the insured" in a situation where the beneficiary "willfully" brings about the death of the insured.

Greer v. Franklin Life Ins. Co., 148 Tex. 166, 221 S.W.2d 857 (1949) involved a case in which an insured was killed by his wife. The rule announced there was that where the beneficiary intends to kill the insured and the killing is illegal, the beneficiary loses his or her rights under the policy. Conversely where the beneficiary intends to kill the insured and the killing is legal, the beneficiary does not lose his or her rights under the policy. In Greer, supra, at page 859, the court said: "We agree with the Court of Civil Appeals that, as used in Art. 5047, 'willfully' connotes something more than that the beneficiary shall have intended the death of the insured to result from his or her act. Obviously the factor of illegality must also be present." The court in Greer further held that the word "willfully" did not mean "maliciously." See also Simon v. Dibble, 380 S.W.2d 898 (San Antonio Civ.App., 1964, writ ref.), in which it was held that Art. 21.23 of the Insurance Code would not preclude recovery in a case where the homicide was intentional but not illegal because of the beneficiary's insanity.

The appellants concede that, "If the killing is done in justifiable self-defense, it is not willful." They argue that it was unreasonable for appellee to believe that she would suffer death or serious bodily injury at the hands of her husband on the occasion in question because he had attacked her many times before and while he had inflicted injury had never killed her in the previous attacks.

In the instant case no specific findings of fact were requested and none were filed. A statement of facts was brought forward. It consists of 275 pages of recorded testimony of numerous witnesses and a third volume of exhibits. Under such circumstances it is presumed upon appeal that the trial judge found every issue of fact necessary to sustain the judgment when such fact issue is raised by the pleadings and finds support in the evidence. This court is compelled to affirm the court's judgment if it can be sustained on any reasonable theory supported by evidence and authorized by law. The appellants thus bear the burden of showing that the undisputed facts negative one or more of the elements essential to support the judgment. This is a difficult burden to discharge. The appellants have failed in this regard. 4 McDonald Texas Civil Practice, p. 1302, § 16.10–D, "Presumptions on Appeal." See also cases cited under this section and the pocket parts.

The trial judge in this case was the sole judge of the credibility of the witnesses and the weight to be given their testimony. Needless to say in a case of this type the issues were vigorously contested. There was evidence pro and con. Certainly the evidence was not consistent. It varied with considerable degree. There was evidence both ways on the issue of "self-defense." There was evidence in support of the court's finding of "self-defense" and evidence which would have supported a finding to the contrary. It is not the province of this court, under the record of this case, to hold that the court erred in rejecting the contentions of the appellants and in holding as it did.

In view of what we have said to this point we see no useful purpose in reciting a blow by blow account of the sordid details of this case. Suffice it to say that all of the elements of self-defense on the part of ap-

pellee were in the record and fully supported the judgment of the trial court.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.