JOHN L. LANNO *et al.*, Plaintiffs-Appellants, *v.* NOREEN NASER *et al.*,
Defendants-Appellees.

First District (4th Division)   No. 79-277

Opinion filed November 29, 1979.

Louis E. Rosenfeld, of Chicago, for appellants.

Andrew J. Feo, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs, John L. Lanno and Alice Ann Lanno, brought this action in the circuit court of Cook County against defendants, Noreen Naser and Fred B. Raskin. Plaintiffs sought (1) to enjoin the sale of the beneficial interest in property held in trust by LaSalle National Bank, as trustee; (2) to obtain a declaration that certain documents executed by plaintiffs and defendants constituted a mortgage; and (3) an accounting. On defendants' motion pursuant to section 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), the trial court dismissed plaintiffs' amended complaint with prejudice.

The issue on appeal is whether the trial court erred in dismissing plaintiffs' complaint based on the four grounds raised in defendants' motion to dismiss.

We reverse the trial court and remand the cause for further proceedings.

In 1965, plaintiffs acquired title in joint tenancy to certain improved real estate in Niles, Illinois, which they occupied as a residence. Defendant Naser obtained a judgment against plaintiffs on August 12, 1969, in the amount of $3,757.50. This judgment was not paid, and in 1972, Naser ordered a sheriff's sale of plaintiffs' Niles home.

Before the sheriff's sale took place, plaintiffs were allegedly persuaded to enter into a written agreement with Naser to ensure payment of the debt and forestall the imminent sheriff's sale. Under the terms of this agreement Naser agreed to cancel the sheriff's sale and the parties established a schedule for the payment of the debt. As security for the principal amount of the debt plaintiffs were to convey by deed in trust to the LaSalle National Bank their interest in the Niles property; to enter into a land trust agreement with the bank; and to assign all of their beneficial interest in the property to Naser. It was agreed that if plaintiffs defaulted on the payments, Naser would acquire "exclusive right, title and interest

to the real property." In furtherance of the agreement, plaintiffs executed an assignment of the beneficial interest in the property, not to Naser, but to defendant Raskin, Naser's attorney. The trust agreement, deed in trust, and assignment to Raskin "for collateral purposes only" were executed simultaneously.

Plaintiffs fell behind in their payments to Naser and, in 1978, Raskin published notice of a public auction of the beneficial interest in the real estate pursuant to provisions of the Illinois Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—101 *et seq.*). At that time, plaintiffs filed their original complaint for injunctive and declaratory relief seeking to restrain the auction sale and to have the documents executed by the parties declared a mortgage, entitling plaintiffs to the right of redemption. Plaintiffs were denied temporary injunctive relief by the trial court, and their further efforts to obtain a stay from this court on appeal from the denial of a temporary restraining order were unsuccessful. (Docket No. 78-898.) The auction sale took place on May 2, 1978, and Naser made the successful bid of $6,000.

Plaintiffs' amended and supplemental complaint, filed after the auction, sought to restrain defendants from consummating the sale of the beneficial interest and to restrain LaSalle National Bank from recognizing Naser as the owner of the property. Plaintiffs asked for a declaration that the instruments executed by plaintiffs and defendants constituted a mortgage on the real estate as security for payment of the judgment held by Naser against plaintiffs and sought a ruling that the May 2, 1978, auction sale was invalid. Finally, plaintiffs requested an accounting.

It appears that the trial court reserved its ruling on defendants' motion to dismiss the original complaint until the amended complaint, defendants' additional motion to strike the amended complaint, and plaintiffs' response to the motion to dismiss were filed. It also appears that the trial court allowed defendants' original motion to dismiss, as supplemented by their motion to strike, to stand as defendants' pleading in opposition to the amended complaint.

Defendants' motion to dismiss raised four objections to plaintiffs' complaint: (1) that the complaint was not in plain and concise language in violation of section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)); (2) that plaintiffs' action was barred by laches; (3) that plaintiffs were estopped because Naser had cancelled the sheriff's sale in 1972 as part of her agreement with plaintiffs; and, (4) that plaintiffs' action was an attack on the original 1969 judgment in contravention of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). Defendants' subsequent responsive pleading raised essentially the same objections to the amended complaint. An affidavit in support of defendants' motion to

dismiss alleged that plaintiffs were in default on payments under the 1972 agreement and had made no payments to Naser since May 31, 1973. Defendants also stated that they relied to their detriment in cancelling the sheriff's sale in 1972 based on plaintiffs' promise to pay the 1969 judgment debt according to the 1972 agreement. In none of defendants' pleadings was there an allegation challenging the sufficiency of the complaint or claiming that the complaint failed to state a cause of action.

Based on the pleadings filed, the trial court sustained defendants' motion to dismiss on all four grounds. Plaintiffs chose to stand on their complaint and a final order dismissing the cause was entered on December 13, 1978.

OPINION

■■ An order that sustains a motion to dismiss without specifying the ground on which it is based places before this court every issue raised by the motion. (*Bradley v. Gallagher* (1973), 14 Ill. App. 3d 652, 303 N.E.2d 251.) If any ground relied on by the trial court in granting the motion was proper, the reviewing court is required to affirm. (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.) Defendants' motion to dismiss the amended complaint can be analyzed as raising two types of questions: (1) whether the complaint violated section 33(1) of the Civil Practice Act which requires a plain and concise statement of the cause of action (Ill. Rev. Stat. 1977, ch. 110, par. 33(1)); and (2) whether plaintiffs' cause of action is barred by other affirmative matters avoiding the legal effect of, or defeating the claim or demand (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(i)).

I

Defendants' motion to dismiss alleged that plaintiffs failed to present a clear and concise statement of their cause of action for declaratory and injunctive relief as required by section 33(1) of the Civil Practice Act. A pleading should be straightforward and concise, but the mere fact that a complaint is verbose or unduly repetitious will not operate to destroy the sufficiency of the complaint. So long as the complaint contains enough information to reasonably inform the opposite party of the nature of the claim, it should not be deemed bad in substance. *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464.

While the conclusory allegation that the agreement to create the land trust was used as "a mere scheme and device" by defendants is to be disregarded in evaluating the complaint (*Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App. 3d 1015, 325 N.E.2d 418), the complaint should be sustained if it reasonably informs defendants of

the nature of the claim against them. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) As stated in *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 652-53, 344 N.E.2d 770, 782:

> "[P]laintiff is at most guilty of excessive verbosity in his complaint. However, it is well established that allegations constituting mere surplusage in a complaint shall be disregarded if plaintiff has alleged facts sufficient to constitute a cause of action. (*Roberts v. Hayes*, 284 Ill. App. 275, 1 N.E.2d 711; *Denton v. Midwest Dairy Products Corp.*, 284 Ill. App. 279, 1 N.E.2d 807; *Hiner v. Richter*, 51 Ill. 299.) The essential test of a complaint is that it has informed defendant of a valid claim under a general class of cases of which a court has jurisdictions, as distinguished from a complaint which states no cause of action. (*Irving v. Rodriguez*, 27 Ill. App. 2d 75, 169 N.E.2d 145.)"

Here plaintiffs' complaint details the sequence of events leading to the 1972 agreement creating the land trust and the simultaneous collateral assignment of the beneficial interest in the trust to defendant Raskin. The agreement attached to the complaint specifies that on default by plaintiffs, defendant Naser "shall have exclusive right, title and interest to the real property." Events surrounding the purported sale of the beneficial interest after the filing of the initial complaint are included in the amended complaint.

The facts alleged are sufficient to apprise defendants that plaintiffs are seeking to have the 1972 agreement declared a mortgage (see *DeVoigne v. Chicago Title & Trust Co.* (1922), 304 Ill. 177, 136 N.E. 498; *Quinn v. Pullman Trust & Savings Bank* (1968), 98 Ill. App. 2d 402, 240 N.E.2d 791), and to avoid the consummation of the sale of the property. Thus, after excluding all repetitious and conclusory matter, we are of the opinion that the complaint is factually sufficient to inform defendants of the general nature of the claim against them and the relief sought.

## II

Laches is the first affirmative matter raised by defendants' motion to dismiss. Defendants argue that since plaintiffs have been aware of the initial judgment against them since 1969 and have known the existence and nature of the subsequent agreement for payment since 1972, their delay in seeking an interpretation of that agreement is subject to the defense of laches.

Laches is the neglect to assert a right or claim, which, taken together with a lapse of time and circumstances causing prejudice to the opposite party, will bar a complaint in equity. (*Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 289 N.E.2d 27, citing *Schoenbrod*

*v. Rosenthal* (1962), 36 Ill. App. 2d 112, 183 N.E.2d 188.) *"Laches* * * * is not merely the passage of a given time period, but is a question of the inequity of permitting a claim to be enforced where the complainant has not been vigilant in enforcing his rights resulting in detriment to an adverse party. [Citations.] The doctrine of *laches* was created to promote justice, and to protect injury, and will not be applied where it will be inequitable and unjust. [Citation.] There is no absolute rule as to what constitutes *laches*, and whether the doctrine should be invoked is determined by the facts and circumstances of the particular case. [Citation.]" *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 651, 344 N.E.2d 770, 781.

In defendants' motion to dismiss and supporting affidavit, the only factual allegation which could plausibly indicate prejudice to defendants was the cancellation of the sheriff's sale in 1972 in exchange for plaintiffs' agreement to create the land trust and collaterally assign the beneficial interest in their home. However, the present action involves an interpretation of the 1972 agreement. Any delay in collecting the 1969 judgment that occurred before the agreement was entered into by the parties does not show how defendants were prejudiced by plaintiffs' failure to assert rights under the agreement. Similarly, defendants cannot argue that they were prejudiced by the cancellation of the sheriff's sale when they knowingly and voluntarily entered into an agreement to cancel it.

Again quoting from *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 651-52, 344 N.E.2d 770, 781: "[I]n an equitable proceeding it is only when by delay or neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done had the right been properly asserted that the defense of *laches* will be considered." Here the rights asserted by plaintiffs were created by the 1972 agreement. Defendants have not alleged any prejudice they have been subjected to as a result of plaintiffs' delay in seeking an interpretation of that agreement. On the other hand, plaintiffs' delay in instituting the present action is fully understandable because it was not until defendants attempted to sell the beneficial interest that it became necessary for plaintiffs to attempt to establish their rights of redemption. Thus, we conclude that defendants have failed to support their claim of laches.

### III

Defendants' related defense of estoppel is likewise unsupported by their motion to dismiss. In *National Tea Co. v. 4600 Club, Inc.* (1976), 33 Ill. App. 3d 1000, 1003, 339 N.E.2d 515, 518, citing *Lowenberg v. Booth*

(1928), 330 Ill. 548, 555-56, 162 N.E. 191, 195, the court set out six elements which must be proved to invoke the doctrine of equitable estoppel:

"(1) Words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts; (2) the party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue; (3) the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him; (4) the party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel or by the public generally; (5) the representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel; and (6) the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof."

It must be kept in mind that the existence of an estoppel is raised as an affirmative defense in defendants' section 48 motion and, therefore, facts supporting the defense must be sufficiently set out in the affidavit accompanying defendants' motion. (See *Crowe v. Public Building Com.* (1977), 54 Ill. App. 3d 699, 370 N.E.2d 32, *aff'd* (1978), 74 Ill. 2d 10, 383 N.E.2d 951.) The affidavit alleges that defendant Naser cancelled the sheriff's sale in 1972 in reliance on plaintiffs' promise to make payments according to the agreement, and that plaintiffs had made no payments since May 31, 1973. There are no allegations that plaintiffs, by word or conduct, misrepresented or concealed material facts regarding their intentions to abide by the 1972 agreement. Plaintiffs do not dispute that they are indebted to defendants, but seek to determine the legal effect of the agreement into which they entered. The mere fact the plaintiffs are in default is not sufficient to invoke the doctrine of estoppel.

## IV

Defendants also claim that plaintiffs' action is barred because it is an attempt to set aside the 1969 judgment and was not brought within the two-year period required by section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) We find this contention to be without merit. Plaintiffs admit their indebtedness to defendant Naser under the 1969 judgment. The subject matter of this action is the collateral 1972 agreement between the parties concerning the manner in which that judgment was to be satisfied. The amended complaint, neither directly

8

nor indirectly, seeks relief from a final judgment, and section 72 is inapplicable.

Finding that none of the grounds raised in defendants' motion to dismiss are sufficient to sustain the dismissal of the complaint, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

JIGANTI, P. J., and ROMITI, J., concur.