NOTICE

Decision filed 10/17/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220060-U

NO. 5-22-0060

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ROBERT DORMAN and DOUGLAS HULME, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-L-1319 |
| | ) | |
| ROBERT DAIBER, | ) | Honorable |
| | ) | Sarah D. Smith, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed the amended complaint with prejudice where the alleged defamatory statements were protected by privilege.

¶ 2    The plaintiffs, Robert Dorman and Douglas Hulme, appeal the September 23, 2021, order of the circuit court of Madison County which dismissed, with prejudice, their complaint against the defendant, Robert Daiber. For the following reasons, we affirm the circuit court's dismissal of the complaint with prejudice based on the immunities afforded to the defendant, rendering it unnecessary for us to address the circuit court's alleged error in applying the anti-SLAPP (Strategic Lawsuits Against Public Participation) provisions of section 15 of the Citizen Participation Act (735 ILCS 110/15 (West 2020)).

1

¶ 3                          I. BACKGROUND

¶ 4     On September 16, 2020, Dorman filed his single count complaint alleging Daiber made false and defamatory statements about him. On March 11, 2021, Daiber filed a motion to dismiss the complaint for failure to state a claim under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)) and a motion to dismiss the complaint pursuant to section 2-619 of the Code (*id.* § 2-619). On April 8, 2021, leave of court was sought to add Douglas Hulme as an additional plaintiff. Dorman filed a motion for leave to file his first amended complaint on May 5, 2021. On May 7, 2021, the circuit court granted Daiber's motion to dismiss and granted Dorman's leave to add Hulme and 30 days to amend the complaint.

¶ 5     Plaintiffs, Dorman and Hulme, filed the amended complaint on June 7, 2021. On August 11, 2021, Daiber filed a motion to dismiss the plaintiffs' amended complaint with prejudice pursuant to section 2-619 of the Code (*id.* § 2-619). The same day, Daiber also filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). On September 22, 2021, plaintiffs filed a single page reply to the defendant's motion to dismiss and for sanctions. On September 23, 2021, the circuit court entered an order which stated as follows:

> "Court finds that Defendant is protected from suit by the immunities described in Defendant's motion to dismiss. Additionally, the court finds that Defendant is also protected by the Illinois Citizens Participation Act anti-SLAPP provisions. Plaintiffs' causes of action are dismissed with prejudice."

¶ 6     On October 25, 2021, plaintiffs filed a motion to vacate the circuit court's order of September 23, 2021. On February 7, 2022, plaintiffs filed a notice of appeal. As the circuit court had not yet ruled on the pending motion to vacate, the appeal was held in abeyance until the circuit

court entered an order disposing of the pending motion. The circuit court denied the motion to vacate on May 16, 2022, and now the appeal is properly before us.

¶ 7 Additional facts will be presented as necessary through the remainder of this order.

¶ 8                                    II. ANALYSIS

¶ 9 Plaintiffs contend that their amended complaint was incorrectly dismissed and seek an order reversing the decisions of the circuit court. The circuit court's order dismissing the plaintiffs' amended complaint with prejudice stated two grounds for the dismissal of the causes of action. First, the circuit court found that the defendant was protected from suit by the immunities set forth in the defendant's motion to dismiss. As an additional ground, the circuit court found that the defendant was also protected by the Citizen Participation Act anti-SLAPP provisions. If any ground relied on by the circuit court in granting the motion to dismiss was proper, we must affirm. *Lanno v. Naser*, 79 Ill. App. 3d 1, 4 (1979).

¶ 10 The defendant's motion to dismiss asserted that the alleged defamatory statements contained in the press release were subject to multiple privileges which afforded the defendant immunity from suit. "Whether a defamatory statement is protected by an absolute or a qualified, or conditional, privilege is a question of law for the court." *Layne v. Builders Plumbing Supply Co.*, 210 Ill. App. 3d 966, 969 (1991).

¶ 11 First, the defendant claimed his actions were absolutely privileged because his press release merely served to report on the acts of government. *Lulay v. Peoria Journal-Star, Inc.*, 34 Ill. 2d 112, 115-16 (1966). Next, the defendant asserted he was entitled to immunity because he was reporting what was contained in official records. "The Illinois common law privilege of fair and accurate report of public records is an exception to the general rule that a person who republishes a defamatory *per se* remark about the plaintiff is as liable for the defamation as the individual who

3

initially made the false, defamatory *per se* statement about the plaintiff." *Berkos v. National Broadcasting Co.*, 161 Ill. App. 3d 476, 491 (1987). Finally, the defendant argued that the alleged defamatory statements were privileged because statements made to a grand jury and to law enforcement are absolutely privileged, and the press release at issue was an amalgam of quotes distilled from statements made to law enforcement by other individuals. *Layne*, 210 Ill. App. 3d at 970-71.

¶ 12    The plaintiffs failed to address the defendant's privilege and immunity arguments at the circuit court level and merely asserted their complaint was sufficient. Plaintiffs' response to the motion to dismiss contained no citation to legal authorities.

¶ 13    On appeal, the plaintiffs focus their entire argument on the contention that the circuit court erred in dismissing the amended complaint under the basis of the Citizen Participation Act anti-SLAPP provisions. As stated above, if any ground relied upon by the circuit court in dismissing the amended complaint was proper, we are required to affirm. *Lanno*, 79 Ill. App. 3d at 4.

¶ 14    Further, pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." The plaintiffs' mere allegation that the circuit court's decision was error without any argument or citation to authority falls short of what is required under Rule 341(h)(7), "which our supreme court has stated is not a mere suggestion, but has the force of law." *In re Marriage of James*, 2018 IL App (2d) 170627, ¶ 37 (citing *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 353 (2006)). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). "The appellate court is not a depository in which

4

the appellant may dump the burden of argument and research." *Id*. Thus, we find the plaintiffs forfeited the argument regarding the defendant's privileges and immunities.

¶ 15 After considering the pleadings contained in the record and the law presented by Daiber, we find the circuit court correctly found that Daiber's statements contained in the press release were protected by privilege and he is entitled to immunity from suit. Accordingly, the motion to dismiss the amended complaint with prejudice was properly granted by the circuit court. Furthermore, because the motion to dismiss was properly dismissed on the immunity grounds, which is not challenged by the plaintiffs, it is not necessary for us to address the plaintiffs' claims related to the Citizen Participation Act anti-SLAPP provisions.

¶ 16                                III. CONCLUSION

¶ 17 For the foregoing reasons, we affirm the September 23, 2021, order of the circuit court of Madison County.

¶ 18 Affirmed.