INZER, Justice:
This is an appeal by Mrs. Lucille Paxton from a decree of the Chancery Court of Warren County adjudging her to be in contempt of court for failure to comply with the decree of that court. We reverse and remand.
The record in this case reveals that appellant and appellee were formerly man and wife. They were divorced hy a decree of the Chancery Court of Warren County rendered on July 24, 1967. By the terms of that decree Mr. Paxton was granted a divorce and as a result of an agreement between the parties there was incorporated in the decree provisions relative to the custody, support and education of their two children. Appellee was required to pay to appellant $35,000 as lump sum alimony and the decree settled the dispute between the parties as to the ownership of $40,000 in bonds and certain other monies in the possession of appellant. The decree granted to appellant the temporary use of the home, but provided that she would deliver possession of the home to Mr. Paxton on or before October 24, 1967. The decree specifically provided that the property was to be returned in good order and repair and substantially in the same condition as it was at the date of the decree. It was also provided that the title to certain personal property located in the house and on the premises was vested in Mr. Paxton and Mrs. Paxton was directed to deliver the possession of this property to Mr. Paxton.
On January 8, 1968, appellee filed a petition seeking to have appellant adjudged in contempt of court because of her failure and refusal to comply with the decree of the court. It charged that she violated the decree in that she refused to deliver the items of personal property as required by the decree. These items were valued by appellee at $835. It was also charged that when the possession of the house was delivered, it was not in good order and repair, but instead numerous acts of vandalism had been committed on the house and outbuildings and the house had been damaged to the extent it would require over $13,000 to restore it to good repair. It was also charged that appellant or her agents and employees had cut or girdled trees and shrubs within the enclosed yard of the house which trees and shrubs were valued at $1,-400. It was also charged that Mrs. Paxton had destroyed other trees outside of the enclosure upon the land belonging to Mr. Paxton for which the statutory penalty should be imposed. The petition asked that Mrs. Paxton be adjudged in contempt of court and committed to jail unless she restored the premises to their condition immediately prior to the date of the decree or to pay to the appellee the sum necessary to restore the. premises. It was also requested that appellant be required to deliver the personal property or pay the value.
Appellant answered the petition and denied that she was in contempt of court and as a defense alleged that she had complied with the decree of the chancery court to the best of her ability. After a rather lengthy trial, the court found that appellant was in civil contempt because of her failure to comply with the decree. A decree was entered on May 28, 1968, which adjudicated her to be guilty of civil contempt and or *836 dered her committed to jail until she purged herself by complying with the terms and provisions of the decree by restoring the home to substantially the same condition as it was on July 27, 1967, but did not fix any amount of damage that she could pay in order to purge herself of contempt. The decree also required her to deliver certain personal property or pay the value thereof and ordered her held in jail until such time as she paid $1,400 as damages for the trees and shrubs destroyed on the premises. From this decree Mrs. Paxton has appealed and Mr. Paxton has cross appealed.
The error assigned in the cross appeal is the failure of the chancellor to fix an amount of damage that Mrs. Paxton could pay to purge herself of contempt. This action on the part of the trial court was error.
On direct appeal it is contended that the evidence is not sufficient to support the finding of the chancellor that the appellant was guilty of contempt. Included in appellant’s brief is a plea styled “Plea and Mitigation of Conviction.” Attached to the petition as an exhibit is the order of the County Court of Warren County dated July 29, 1968, which states that appellant was charged in that court with the offense of carrying a concealed weapon and in the course of investigation it appeared to the court that at the time of the alleged offense appellant was probably insane and was still insane on that date. The order directed the county attorney to sign the necessary petition and affidavit to institute lunacy proceedings. Such proceedings were instituted and an examination was had as required by law and the examining physicians found that' the appellant was suffering from a mental disorder described as acute schizophrenia paranoid type and that she was in need of treatment under the supervision and control of a mental institution of the state. Pursuant to that finding a decree of the Chancery Court of Warren County was entered directing the sheriff to take appellant and place her in the state hospital at Whitfield. Also attached as an exhibit is an affidavit of Dr. Henry R. Nail, Director of Rehabilitation Service of the hospital, which reflects that Mrs. Paxton was examined by the full medical staff of the hospital on October 3, 1968, and in the opinion of the staff she was suffering from a mental illness called schizophrenia paranoid type and that she was dangerous to other people 'at that time and incompetent to handle her own affairs. The affidavit also stated that Mrs. Paxton was to be given a series of electro-shock treatments.
Appellee in answer to this plea contends that the plea is not a proper pleading and that appellant cannot raise this defense of insanity for the first time in this court. There is also filed an affidavit by one of the attorneys representing the appellee reflecting that Mrs. Paxton was committed to the hospital and that he had investigated the matter and had obtained information from Dr. Nail that appellant had received treatment and had improved to the extent that she was allowed to return home on probation in the latter part of December. This affidavit also states that the affiant had tried to get Dr. Nail to sign an affidavit to this effect, but that he refused to sign it because Mrs. Paxton’s guardian would not give the doctor permission to release the confidential information.
After briefs had been filed in this Court a motion was filed by Robert L. Paxton, guardian of Mrs. Paxton, requesting permission to file a brief amicus curiae. This motion reflected that the movant, who is the son of the appellant and appellee, had been appointed guardian for Mrs. Paxton by a decree of the Chancery Court of Warren County dated December 18, 1968, and he was serving in that capacity. This motion was sustained and attached to his brief is an affidavit of Dr. William Dudley, Jr., a member of the hospital staff at Whitfield who treated Mrs. Paxton after her admission. It was his opinion that Mrs. Pax-ton was mentally ill and incompetent at the time she was adjudged in contempt of court.
Appellee earnestly insists that we should not consider any matters on this ap *837 peal except matters raised by the pleadings and the evidence adduced on the trial of the cause'. However, before discussing this issue, it should be pointed out that this is a proceeding to enforce a private right and not a proceeding to maintain respect for the power and dignity of the Court. The petition clearly reflects that appellee is only interested in collecting for the value of the personal property and for damage to his property. On cross appeal he correctly points out that the chancellor was in error in refusing to fix tthe amount of damages that appellant could pay to purge herself of contempt for failure to deliver the property in good condition. It appears from the chancellor’s opinion that he was of the opinion that because Mrs. Paxton did not comply with the decree, that she should be confined to jail until she restored the property in as good condition as it was prior to the trial. Apparently it was his opinion that this was a proceeding to uphold the dignity of the court and not a proceeding to coerce appellant to pay the damages. Because of this error that part ’of the decree would have to be reversed, but in view of the circumstances of this case we have determined that the entire decree should be reversed and this cause remanded for further proceedings.
In reaching this conclusion we have determined that the plea and mitigation of punishment is a proper plea in view of the fact that we are required by the provisions of Mississippi Code 1942 Annotated section 1152 (1956) to determine the question of whether appellant was guilty of contempt. Under the provisions of this section this Court is authorized to either affirm, reverse, annul or modify a judgment or a decree of the trial court in accordance with the judgment of this Court-. We do not believe that anyone would seriously contend that if appellant was insane at the time she failed and refused to abide by the decree of the court, she could be guilty of contempt of court. Furthermore, if she is presently insane, she should not be committed to jail. Although this defense was not raised in the trial of this case, a review of the testimony convinces us that there were reasonable grounds for one to suspect that appellant was not a sane person. In view of these circumstances the least we could do before affirming the decree would be to direct that the chancellor conduct a hearing to determine whether appellant was insane at the time she was adjudged in contempt of court. Miss.Code 1942 Ann. § 1960 (1956); Miss.Sup.Ct.Rule 37.
Our holding does not affect the possible liability of the estate of appellant for compensatory damages even though she may have been insane at the time of the commission of the tortuous acts complained of in appellee’s original petition. As this Court said in Feld v. Borodofski, 87 Miss. 727, 40 So. 816 (1906) “It is well settled that a lunatic is not liable at all criminally, nor for punitory damages in civil actions. It seems equally well settled that he is liable for compensation for injuries he inflicts on the person or on property.” 87 Miss. at 731, 40 So. at 816. Deposit Guaranty Bank & Trust Co. v. Nelson, 212 Miss. 335, 54 So.2d 476 (1951).
In view of the error heretofore noted and the peculiar circumstances in this case, we have determined that this cause should be reversed and remanded for another hearing. Upon remand the parties shall have the right to amend and file additional or supplemental pleadings as may be proper. Furthermore, by remanding the cause the trial court will be in a position to make such other orders as may be proper relative to the damage for which it may find that appellant is liable.
For the reasons heretofore stated this cause is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.