BARYLSKI v PAUL

1. TORTS—CIVIL LIABILITY—INSANITY.
   An insane person is civilly liable for his torts, except, perhaps, those requiring malice.

2. DEATH — WRONGFUL DEATH — DEFENSES — INSANITY — SPECIFIC INTENT.
   Insanity of a defendant is not a defense to a wrongful death action, because a wrongful death action does not require a specific intent.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 January 6, 1972, at Lansing. (Docket No. 11202.) Decided February 24, 1972.

Complaint by Colleen C. Barylski against Anthony Paul for damages for wrongful death. Judgment for plaintiff. Defendant appeals. Affirmed.

*Perica, Breithart & Carmody,* for plaintiff.

*Jason, Wenzel & Kowalski,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

QUINN, J. In a nonjury trial, plaintiff widow recovered judgment in this wrongful death action,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Incompetent Persons §§ 104, 105.
Liability of insane person for tort. 51 ALR 833 s. 89 ALR 476.

MCLA 600.2922 *et seq;* MSA 27A.2922 *et seq.* Defendant appeals.

The issue presented by the appeal is, Is an insane person civilly responsible for his torts? Research fails to disclose any Michigan authority on this question.

About 8 a.m. July 22, 1968, Benjamin A. Barylski went to defendant's home to borrow a wrench. Defendant shot Barylski, who died shortly thereafter. Soon after his arrest, defendant stated to a deputy sheriff "That he had shot the man". Defendant also told the sheriff, "Somebody had been by his door that morning and he also stated they had been after him. He said somebody is trying to get me. He said they had been around the house all night."

Defendant was charged with murder. A preliminary psychiatric examination revealed that defendant was incompetent to stand trial, and he was committed to the Department of Mental Health by reason of his insanity pursuant to MCLA 767.27a *et seq;* MSA 28.966(11) *et seq.*

In his answer to plaintiff's complaint, defendant pleaded:

"That at the time of the alleged occurrence the defendant was not of sound mind and was without knowledge as to the presence of the plaintiff and was unaware that the plaintiff was on the premises", as an affirmative defense.

The trial court held:

"The great weight of authority is that an insane person is civilly liable for his torts although he does have the right as in this case to have a defense made for him by a guardian to ascertain if he did commit the tortious act."

This was a correct holding, see 51 ALR 833, 89 ALR 476, 77 ALR2d 625, 39 Penn BAQ 73 (1967), and 4 Restatement Torts, § 887, Comment a, p 468.

The applicable rule is well stated in *Williams* v *Hays*, 143 NY 442, 446–447; 38 NE 449–450 (1894):

"The general rule is that an insane person is just as responsible for his torts as a sane person, and the rule applies to all torts, except, perhaps, those in which malice, and therefore intention, actual or imputed, is a necessary ingredient, like libel, slander and malicious prosecution. In all other torts, intention is not an ingredient, and the actor is responsible although he acted with a good and even laudable purpose, without any malice. The law looks to the person damaged by another and seeks to make him whole, without reference to the purpose or condition, mental or physical, of the person causing the damage. The liability of a lunatic for his torts, in the opinions of judges, has been placed upon several grounds. The rule has been invoked that, where one of two innocent persons must bear a loss, he must bear it whose act caused it. It is said that public policy requires the enforcement of the liability, that the relatives of a lunatic may be under inducement to restrain him, and that tort feasors may not simulate or pretend insanity to defend their wrongful acts, causing damages to others. The lunatic must bear the loss occasioned by his torts, as he bears his other misfortunes, and the burden of such loss may not be put upon others."

In a wrongful death action, the act of the defendant upon which his liability is asserted does not require a specific intent that might be negated by insanity, *Roberts* v *Hayes*, 284 Ill App 275; 1 NE2d 711 (1936).

Affirmed with costs to plaintiff.

All concurred.