The defendant assaulted the plaintiff by shooting him with a gun and wounding him. As a result, the plaintiff suffered personal injuries and incurred expenses for hospital care and medical and surgical treatment. The plaintiff seeks damages from the defendant for this assault upon him.
The defendant admits the factual allegations in the plaintiff's complaint but has pleaded certain special defenses. These defenses allege that the defendant at the time of the assault upon the plaintiff was incompetent to stand trial and in the criminal proceedings which followed as a result of the shooting was adjudged not guilty by reason of insanity, and therefore was incapable of forming the intent necessary to ground an action for assault. Also, the defendant was under the insane delusion that the plaintiff was assaulting him and that the plaintiff was not a person, and therefore lacked the intent necessary to ground an action for assault.
The parties have submitted this matter by stipulation and have stipulated that in the event of a judgment in favor of the plaintiff against the defendant the damages are to be assessed at $2500 without costs.
The defense in this case is insanity. The majority view appears to be that an insane person should be liable for torts of negligence. Prosser, Torts (3d Ed.), p. 1030. The general rule at common law, subject to certain qualifications, is that an insane person is civilly liable for injuries resulting from an *Page 513 
assault or battery committed by him. Note, 77 A.L.R.2d 625, 626. One reason for the rule appears to be that insane individuals usually have been classed with infants and held liable for their torts. This rule seems to have originated in a dictum in a case decided in 1616. Weaver v. Ward, Hob. 134, 80 Eng. Rep. 284. Another reason given is that where one of two innocent persons must suffer a loss, it should be borne by the one who occasioned it. Note, 51 A.L.R. 833, 835. Another reason mentioned is that the estate of an insane person should be used to give compensation for the damage he has done rather than preserved for those interested in his estate.
The arguments advanced in opposition to the majority view are as follows: If a child too young cannot be held liable in negligence, then an insane person should not be held liable; it is unjust to hold one responsible for a wrong that he is incapable of avoiding; a man who is so devoid of intelligence or reason as to be unable to apprehend danger and do something to avoid it cannot be held negligent or capable of having the intent to commit an assault.
There are only a handful of decisions at best on this subject. No Connecticut cases were found as authority. This court is not willing to accept the majority point of view. It appears to be an outdated point of view.
One should be willing to accept a standard of conduct from individuals which is reasonable. It cannot be said that the defendant entertained the intent to injure the plaintiff. The standard of conduct demanded of an insane person should not be any greater than the standard of conduct which it is reasonable for one to expect of a sane person. A sane individual is only required to exercise the standard of conduct which a reasonably prudent *Page 514 
person would exercise under the same circumstances. A child is expected to exercise a standard of care which is reasonable to expect of children of like age, intelligence and experience.
 Judgment may enter in favor of the defendant.