SMITH, Justice:
Robert L. Paxton, Guardian of Lucille A. Paxton, non compos mentis, appeals from a decree entered by the Chancery Court of Warren County following an evi-dentiary hearing ordered by this Court on the former appearance of the case here. See Paxton v. Paxton, 222 So.2d 834 (Miss.1969), for a statement of the case.
The hearing, conducted by the chancellor, extended over a period of three days, and a great deal of evidence was adduced by both sides.
From the evidence submitted, the chancellor determined the factual questions for the resolution of which the case had been remanded by this Court in Paxton, supra. He found as a fact that Mrs. Paxton had been sane “at the time she failed and refused to abide by the decree of the (chancery) court,” of July 24, 1967, and was guilty of contempt. He also rectified his omission on the former hearing to “fix the amount of damages that appellant (Mrs. Paxton) could pay to purge herself of contempt for failure to deliver the property in good condition,” as ordered by the chancery court, and fixed the amount at $6,015. (Quotes are from Paxton, supra).
Meanwhile, lunacy proceedings had been conducted which resulted in the appointment of the present guardian for Mrs. Paxton. The chancellor concluded, as suggested in our former opinion, that Mrs. Paxton should not be jailed for failure to purge herself of contempt by paying the sum mentioned, unless and until she should have been restored to sanity.
Numerous matters are assigned as error on the present appeal. However, on the whole record, we have concluded that the effect of none of these was fatally prejudicial, that the case was fairly and fully heard and the evidence was sufficient to support the chancellor’s findings of fact. We are unable to say that he was manifestly wrong.
The decree appealed from will be affirmed on both direct and cross-appeals.
Affirmed on direct and cross-appeals.
RODGERS, P. J., and ROBERTSON, SUGG and BROOM, JJ., concur.