324 So.2d 717 (1976)
Albert KACZER, Appellant,
v.
Evelio MARRERO, Appellee.
No. 75-305.
District Court of Appeal of Florida, Third District.
January 13, 1976.
*718 Howard L. Kuker, S.L. Gaer, Miami, for appellant.
Horton, Perse & Ginsberg, Edwin C. Ratiner, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The controlling question on this appeal is whether or not an insane person is responsible in a civil action for a tort of assault and battery committed while he is insane. We hold that an insane person is responsible, basing our couclusion on Jolley v. Powell, Fla.App. 1974, 299 So.2d 647.
The appellee, Evelio Marrero, was a workman in a Miami Beach hotel. While he was unsuspectingly proceeding with his work, the defendant, Albert Kaczer, stabbed him in the back. The parties stipulated that Kaczer was insane at the time of the act. The injured Marrero sued Kaczer claiming damages for a negligent injury. He was later allowed to amend his complaint to allege the tort of assault and battery. At the trial of the cause, the trial court directed a verdict for the plaintiff as to liability and the jury returned a verdict of $20,000 as damages. This appeal followed.
In Jolley v. Powell, Fla.App. 1974, 299 So.2d 647, the Second District Court of Appeal was called upon to answer the following certified question:
"In an action for wrongful death, is there available to the defendant the affirmative defense of insanity at the time of the act, causing the alleged wrongful death."
In answering the question, the court held:
* * * * * *
"So liability without subjective fault, under some circumstances, is one price men pay for membership in society. The sane and the insane, the awkward and the coordinated are equally liable for their acts or omissions. In such cases we do not decide fault, rather we determine upon whom our society imposes the burden of redress for a given injury. As Holmes implied in his `awkward man' parable, a principle at least co-equal with that of the fault principle in the law of torts is that the innocent victim should have redress."
* * * * * *
"We therefore reiterate, when the predicate for a wrongful death action is unintentional tort the standard against which such tort is measured is the objective, `reasonable man standard' and the subjective state of mind of the tortfeasor is irrelevant.

*719 "In passing, we point out that we do not mean to say here that insanity would not be a defense to a claim for punitive damages. Our rationale would seem to suggest that such a defense would indeed be available in such cases."
* * * * * *
Appellant argues that the Jolley opinion is limited in scope to unintentional torts. This is true. Nevertheless, it is our holding that assault and battery is no less a wrongful act than wrongful death, which is dealt with in the opinion. The distinction is one of the extent of the damages only. We, therefore, hold that the reasoning in Jolley is properly followed by this court in the case now before us. It should also be noted here that the complaint initially alleged a negligent act and that this count was not dismissed. Therefore, the trial court's order on liability is supported as against the defense of insanity on that count.
To the extent that the decision in Jolley is not controlling in this case, we hold that the common law principle that an insane person is responsible in damages for his tortious acts has not been abrogated in Florida. See 41 Am.Jur.2d "Incompetent Persons" § 104 (1968). The principle is based not only upon the fact that, at common law, torts were not grounded upon the fault concept,[1] but also upon the idea that the victim of a wrongful act must be compensated. See Williams v. Hays, 143 N.Y. 442, 38 N.E. 449 (1894). This concept is shown by many of the actions at common law, such as trespass, which are not based upon intentional acts. See 87 C.J.S. Trespass § 5 (1954). Trespass itself was divided into trespass to real[2] and personal[3] property, and trespass to the person. Trespass to the person did not require an intention to trespass.[4] The action in this cause which the plaintiff labeled as assault and battery is in actuality the modern equivalent of the common law action of trespass to the person. Since this action is not one which requires an intentional act, we hold that even in the absence of an intent to injure, the trespasser is liable. Therefore, an insane trespasser may be liable.
Appellant's point claiming a procedural error in allowing an amendment to the complaint does not present reversible error. See Weich v. Cook, Fla.App. 1971, 250 So.2d 281.
Affirmed.
NOTES
[1] Prosser, Law of Torts, § 4 (3d ed.).
[2] Trespass quare clausum fregit.
[3] Trespass de bonis asportatis.
[4] Supra, footnote 1.