339 So.2d 566 (1976)
Mack Elmore BANKS
v.
Merdith Preston DAWKINS, Jr.
No. 48950.
Supreme Court of Mississippi.
November 23, 1976.
*567 Stone & Graham, Columbus, Andrew K. Naugle, III, West Point, Rufus Ward, Jr., J. Tyson Graham, Columbus, for appellant.
Joe O. Sams, Jr., Columbus, Irvin Conrad Mord, II, Macon, for appellee.
Before INZER, P.J., and SMITH and BROOM, JJ.
SMITH, Justice, for the Court:
This was an action begun by Mack Elmore Banks against Merdith Preston Dawkins, Jr., in the Circuit Court of Lowndes County and subsequently transferred to the Circuit Court of Noxubee County. Banks sought damages for personal injuries inflicted upon him by Dawkins by shooting him in the head and face with a shotgun. The appeal is from a verdict and judgment for Dawkins.
Banks was the proprietor of a so-called "supper club" at Crawford. On the night of Banks' injury, he had forced Dawkins to leave the club earlier that same evening because of alleged misconduct on the part of the latter. In the course of ejecting Dawkins there had been a fight and Dawkins claims to have been struck in the head by Banks with "brass knucks".
Dawkins' defense is that he was completely "blacked out" and remembered nothing whatever after he was forced out of the club by Banks. He testified that he did remember the fight and having been compelled to leave the club by Banks. Dawkins' wife testified that Dawkins had driven home in his pickup truck where he was seen by his wife to have blood on his head and face and was, as she said, "raving". It is contended that Dawkins then drove himself back to the club in his pickup, carrying a shotgun. When he arrived at the club Banks and several others were inside and Banks was attending to his own business.
Whatever effect Dawkins' condition may have had upon his recollection of events, apparently it had little or none upon his ability to drive his truck home, drive it back to the club, go to a window through which he thrust the gun and, from among the several persons who were in the club, single out his adversary Banks and shoot him in the face. As the result, Banks sustained the loss of an eye and other injuries.
It appears that the next day Dawkins consulted a doctor, his purpose in doing so and the treatment he received, if any, is not clear, although it does appear that in the fight he had sustained some cuts or abrasions about the face. There is no evidence of skull or brain damage, other than Dawkins' own claim not to remember the events after he left the club and, although the doctor's office was about 15 miles from the place of trial, the doctor was not subpoenaed or called by Dawkins as a witness. There was no explanation by Dawkins of his failure to call him.
*568 It is the general rule in this and other states that, although a person may be suffering from a mental condition so as to be insane, nevertheless he is required to respond in compensatory damages for injuries resulting from his torts. Feld v. Borodofski, 87 Miss. 727, 40 So. 816 (1905). To the same effect see Paxton v. Paxton, 222 So.2d 834 (Miss. 1969).
Dawkins' claim that he lost his memory during the critical times involved is unsupported and inconsistent with his actions.
It was error for the trial court to instruct the jury that, before Banks would be entitled to recover compensatory damages, the jury must find that Dawkins had shot Banks "knowingly". Even if it is established that at the time of the shooting Dawkins was, in fact, insane to such an extent that he did not know or appreciate the nature or consequences of his act and did not know that it was wrong to shoot Banks, the latter was entitled to recover damages to compensate him for his injuries.
If Dawkins shot Banks "knowingly," that is, intentionally and while sane, Banks would be entitled to recover punitive damages also. There was no claim of self-defense nor defense of any kind (save the claim of memory loss) offered by Dawkins for the shooting.
Dawkins' claim that he lost his memory is unsupported and weak and the injuries he inflicted upon Banks were grievous and severe. We think the verdict of the jury was against the overwhelming weight of the evidence and that the case should be reversed and remanded for another trial.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.