RICHARD TURNER *v.* KATHRYN CALDWELL ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE NO. 169646
                        NEW HAVEN

Memorandum filed May 27, 1980

*Reilly, Peck, Raffile & Lasala,* for the plaintiff.

*Howd & Ludorf,* for the named defendant.

DUPONT, J.  The plaintiff's cause of action arises out of the alleged negligence of one of the defendants in the operation and control of a motor vehicle. That defendant, in a special defense, alleges that she was suddenly stricken by mental illness which she had no cause to anticipate, thereby rendering it impossible for her to control her vehicle. The plaintiff filed a motion to strike, on the ground that temporary insanity is not a defense to an action grounded in negligence.

The only Connecticut case cited by either party, or of which the court is aware, which discusses insanity as a defense in a civil case is *Fitzgerald* v. *Lawhorn,* 29 Conn. Sup. 511. In that case, the court held that in an assault case for civil damages insanity is a proper defense. That case and the present one are factually dissimilar. The former was a case involving an intentional tort, one in which the defendant was previously adjudged not guilty in criminal proceedings by reason of insanity, whereas the latter is one involving negligence in which the defendant claims to have suffered from a momentary attack of mental illness.

Although there is some language in *Fitzgerald* which could be construed as allowing a viable defense of insanity for both intentional and negligent acts, the fact remains that the court was dealing with a tort which requires intent.

The majority rule, even as cited by the court in *Fitzgerald,* is that an insane person is liable for acts of negligence. That was the case at common law. Prosser, Torts (4th Ed.) § 135. Other jurisdictions which have considered the question follow the common law, with at least one extending the principle to intentional torts. *Kaczer* v. *Marrero,* 324 So. 2d 717 (Fla. App.); *Vosnos* v. *Perry,* 43 Ill. App. 3d 834.

One case which considered the defense of temporary insanity in an automobile accident, *Kuhn* v. *Zabotsky,* 9 Ohio St. 2d 129, concluded that such a defense would not lie. Its rationale, which is similar to that expounded in the Restatement of Torts (Second) § 895J, comment (a), is that where two parties are involved in an accident, one being at fault and mentally ill, and the other being blameless and injured, public policy requires compensation to the faultless party by the culpable one. Another basis in both of these authorities is that mental illness, particularly that which is temporary, is difficult of proof and susceptible of being feigned.

The weight of authority is that insane persons are liable for their negligent acts. *Banks* v. *Dawkins,* 339 So. 2d 566 (Miss.); *Mochen* v. *State,* 43 App. Div. 484 (N.Y.). The rule might differ were the cause of action to involve punitive damages or malice. See *Paxton* v. *Paxton,* 222 So. 2d 834 (Miss.); *Barylski* v. *Paul,* 38 Mich. App. 614.

The motion to strike the defendant's special defense is granted.