■ CYNTHIA HIRSCH, Individually and as Administratrix of the Estate of BENNETT B. HIRSCH, Deceased, Appellant, v ANTHONY MASTROIANNI, as Administrator of the Estate of FRANK A. DI STEFANO, Deceased, Respondent. — In a wrongful death action, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated September 23, 1980, which (1) granted defendant's motion for summary judgment and dismissed plaintiff's complaint on the ground that plaintiff's action is barred by subdivision 6 of section 29 of the Workers' Compensation Law, and (2) denied plaintiff's cross motion pursuant to CPLR 3211 (subd [b]) to dismiss defendant's second affirmative defense which alleged that plaintiff's cause of action was barred by the aforesaid section of the Workers' Compensation Law. Order reversed, with $50 costs and disbursements, motion denied and cross motion granted. Plaintiff's intestate (Hirsch) and defendant's intestate (Di Stefano) were coemployees of the East Islip School District. On June 26, 1978, Di Stefano entered Hirsch's office and shot Hirsch to death with a shotgun. Di Stefano then went into an adjoining room and committed suicide with another shotgun. Hirsch's widow, plaintiff herein, applied for and was ultimately awarded workers' compensation benefits. Plaintiff then commenced this action for wrongful death. Defendant alleged as an affirmative defense that plaintiff is ineligible for such relief because workers' compensation benefits provide the exclusive remedy to the dependents of an employee killed by the negligence or wrong of another in the same employ (see Workers' Compensation Law, § 29, subd 6). Special Term dismissed plaintiff's complaint on the basis of this affirmative defense. In light of the recent Court of Appeals decision in *Maines v Cronomer Val. Fire Dept.* (50 NY2d 535), we hold that it was error to grant summary judgment to the defendant and to dismiss the

complaint on this ground. On the record before this court, we find that Di Stefano was not acting within the scope of his employment at the time he caused Hirsch's injuries and death. Thus, it matters not whether Di Stefano's act in shooting Hirsch was intentional or negligent. Subdivision 6 of section 29 of the Workers' Compensation Law has never been construed to bar tort actions against intentional tort-feasors (see *Matter of Berenberg v Park Mem. Chapel,* 286 App Div 167, 170; *Mazarredo v Levine,* 274 App Div 122); and, under *Maines v Cronomer Val. Fire Dept. (supra),* it was held not to bar a negligence action against a coemployee when the cause of action arose totally outside the scope of employment. In *Maines (supra),* the Court of Appeals held that the plaintiff's injuries were brought about by an action of the defendants which was outside the scope of their employment, but the plaintiff's injury was within the "line of duty", so that plaintiff was eligible for his workers' compensation award. The same rationale applies here. Lastly, although plaintiff's bill of particulars states that, upon information and belief, Di Stefano was temporarily insane when the shooting occurred, it is hornbook law that an insane person is liable for his torts (see Prosser, Torts [4th ed], § 135). Plaintiff's failure to allege either an intentional or a negligent tort will not bar her from presenting her proof. Accordingly, the motion is denied and the cross motion is granted. Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.