**Wilson GOFF, Appellant,**

v.

**Roscoe Vanover TAYLOR, Administrator of the Estate of Randall Taylor, Deceased, Appellee.**

Court of Appeals of Kentucky.

March 14, 1986.

As Modified March 21, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court May 13, 1986.

Kelsey E. Friend, Jr., Pikeville, for appellant.

John Doug Hays, Pikeville, for appellee.

Before HAYES, C.J., and HOWARD and WHITE, JJ.*

HAYES, Chief Judge.

At issue in this appeal is the appropriate standard by which to judge the conduct of one suffering from a mental disability or defect in a civil action. Appellant submits that the liability of an alleged tortfeasor should be measured by a subjective standard, whether he possessed the ability to distinguish right from wrong and could conform his conduct to the law. The trial judge ruled that insanity is not a defense to civil liability in this Commonwealth. We agree with the decision of the trial judge on this and the other issues advanced by appellant and accordingly we affirm the judgment below.

This is a wrongful death action. Appellant, while apparently suffering from a brain disease or disorder, shot and killed Randall Taylor without provocation. The case was tried before a jury which awarded appellee $3,510.00 funeral expenses and $700,000.00 for destruction of earning power. In this appeal appellant attempts to persuade us that we should depart from the standard applied in the majority of jurisdictions and relieve appellant from liabili-

* This decision was reached and the opinion concurred in prior to Judge White's appointment to the Kentucky Supreme Court. Release of the opinion was delayed by administrative handling.

ty for his actions on the basis of his mental disability. We decline to do so primarily because we believe the policy considerations supporting the current standard outweigh the reasons advanced by appellant for discarding it: that it is simply unfair to hold a person responsible for a wrong he is incapable of avoiding.

Appealing an argument as that may be, it falls short when balanced against the long-accepted doctrine that where one of two innocent persons must suffer a loss, it should be borne by the one who occasioned it. [See generally Prosser and Keeton, *The Law of Torts*, § 135, 5th ed. (1984).] Appellant cites us to recent law review articles, Curran, *Tort Liability of the Mentally Ill and Mentally Deficient*, 21 Ohio St.L.J. 52 (1960), and Ellis, *Tort Responsibility of the Mentally Disabled Persons*, 4 Am.B. Foundation Research J 1079 (1981), which criticize, in view of modern scientific advances in the area of mental illness, the long-standing approach to this problem manifested in the case law and in the Restatement of the Law of Torts. The basic premise in each article is that a subjective standard would at least provide a mentally disabled defendant the opportunity to present evidence of his inability to avoid the alleged wrong and thus assert the defense of insanity. That the subjective standard would afford fairer treatment of a defendant afflicted with a mental disability cannot be disputed. The question the commentators do not attempt to reach is the fairness to the victim of the wrongful conduct. Is a victim any less entitled to compensation for his loss because of the mental deficiencies of his tortfeasor? We believe that the answer is no and the tort law as it stands has long served to accommodate that principle. This view does not penalize the mentally incompetent, it merely places them on a par with the rest of society in terms of responsibility for their wrongful acts. The mentally deficient are insulated from punitive damages, reinforcing our belief that tort law has kept faith with its duty to balance the protection of society at large with compassion for those unable to conform their conduct to the expected standard.

■ Next, appellant contends the trial court erred in refusing his instruction on unavoidable accident due to sudden or physical illness. We are convinced that such an instruction has no application to the facts of this case. There is nothing in the evidence from which one could conclude that this death was accidental. The only fair interpretation of the evidence leads to the conclusion that the shooting was an intentional act.

■ Thirdly, appellant assigns as error the granting of a directed verdict on the issue of liability for compensatory damages. We agree with appellee that given the undisputed evidence regarding the shooting and the fact that no defense or legal excuse was put forth, a directed verdict was entirely appropriate.

■ Furthermore, we are convinced that the damages awarded for the destruction of Randall Taylor's earning capacity were not at all excessive and are fully supported by evidence of his youth, health, educational pursuits and industrious character prior to this death.

■ Finally, appellant complains that it was error to submit the question of punitive damages to the jury. As the jury found for appellant under this instruction, his claim of prejudice must be directly related to the charge that the award of compensatory damages was excessive. We have already determined that the evidence amply supported the amount of compensatory damages and thus we are unable to discern any possible prejudice suffered by appellant from the instruction on punitive damages.

The judgment of the Pike Circuit Court is affirmed.

All concur.