## Epstein v. Fatzinger

*Richard J. Makoul,* for plaintiffs.
*Georgine A., Olexa* and *John P. Karoly,* for defendant.

BACKENSTOE, *P.J.,* October 27, 1987—On February 12, 1987, plaintiffs filed a complaint alleging the negligent or intentional killing of Pamela A.

Smith by defendant. Defendant filed preliminary objections in the nature of a motion to strike certain allegations and a motion for a more specific pleading. By order dated April 16, 1987, the Honorable Carol K. McGinley granted the motion to strike and denied the motion for a more specific pleading. Pursuant to that order, defendant filed an answer and new matter on June 25, 1987. Presently before this court are plaintiffs' preliminary objections in the form of a motion to strike for lack of conformity to law and a motion to strike because of scandalous or impertinent matter.

Paragraphs 14, 22, 30 and 35 of the answer and new matter allege that "defendant at the time of any alleged acts had a defect or disease of mind which made him incapable of determining right from wrong." Plaintiffs request this language be stricken for lack of conformity to the law in that mental deficiency or insanity is not a defense to the alleged negligent conduct of defendant in a civil action. It is well settled that insanity or other mental deficiency does not conform to the standard of a reasonable man under like circumstances. Restatement (Second) of Torts §283B; *Bojanoski v. Porter,* 5 D.&C.2d 379 (1955); *Priese v. Clement,* 70 D.&C.2d 47 (1974). This common law rule is followed by a majority of jurisdictions. See *Groff v. Taylor,* 708 S.W. 2d 113 (1986); *Vosuos v. Perry,* 43 Ill. App. 3d 834, 357 N.E.2d 614 (1976); *Turner v. Caldwell,* 36 Conn. Supp. 350, 421 A.2d 876 (1980); *Hirsch v. Mastrioni,* 80 A.D. 2d 633, 436 N.Y.S. 2d 87 (1981). In response, defendant states that "Pennsylvania law with respect to the role of insanity and mental deficiency in a negligence action is undergoing an evolution apparently in an attempt to minimize the hardship presented by the common law rule." Therefore, "contrary to the assertions of plain-

tiff, the alleged state of mind of defendant is relevant to a negligence defense according to current authorities and properly contained in defendant's answer in the present case." This conclusion is clearly in conflict with the authorities previously cited from Pennsylvania and other jurisdictions which adhere to the Restatement position that insanity is not a defense to a negligence action.

Defendant relies upon *Badrigian v. Elmcrest Psychiatric Institute Inc.*, 6 Conn. App. 383, 505 A.2d 741 (1986), for the propositions that while mental disability is not an absolute bar to negligence, the facts and circumstances of a particular case determine whether an individual possesses the mental capacity required to be charged with negligence or whether he is incapable of exercising reasonable care and therefore not responsible for his actions. Defendant's contention misstates *Badrigian* by taking it out of context. In *Badrigian,* plaintiff sought damages for the wrongful death of her decedent alleging negligence of defendant in failing to supervise their patients. At the time of the accident causing his death, plaintiff's decedent was a day, or out, patient of defendant facility. The jury applying the comparative negligence doctrine found plaintiff's decedent to be one-third negligent. The conclusion relied upon by defendant in the instant matter, resulted from its consideration of plaintiff's claim that its decedent, due to his mental disability, could not be charged with comparative negligence. *Richard v. Chester Extended Care Center,* 15 D.&C.3d 770 (1980), considered a similar situation involving a claim of contributory negligence. We conclude that these situations involving claims of contributory or comparative negligence are distinguishable from the case before us involving a claim of the defendant's negligent conduct. The focal

point of this analysis is the individual to whom the law is attempting to afford its protection. Restatement (Second) of Torts §283B in considering the standard of conduct owed by one individual to another indicates that "insanity or other mental deficiency does not relieve the action from liability for conduct which does not conform to the standard of a reasonable man under like circumstances." In contrast, Restatement (Second) of Torts §464 defining the standard of conduct used to determine contributory negligence states that "[u]nless the actor is . . . an insane person, the standard of conduct to which he must conform for his own protection is that of a reasonable man under like circumstances."

In a caveat it is noted that no opinion is expressed as to whether insane persons are or are not required to conform for their own protection to the standard demanded of sane persons. Thus, while insanity may affect the standard of conduct required for one's own protection, it does not affect the standard required for the protection of others. For these reasons, we conclude that defendant's assertion of an insanity defense in a negligence action is contrary to the law in this jurisdiction; therefore, we grant plaintiffs' preliminary objection in the form of a motion to strike for lack of conformity to the law.

Paragraphs 18 and 26 of the answer and new matter alleged that "Pamela Smith had a long history of living off of others and was a chronic alcoholic." Plaintiffs request this language be striken as scandalous or impertinent matter. Scandalous matter consists of any unnecessary allegation which bears cruelly on the moral character of an individual or states anything which is contrary to good manners or anything that is unbecoming of the dignity of the court to hear. 2 Goodrich-Amram 2d §1017(b):8. In our opinion, defendant's allegations

clearly fall within this definition. Defendant argues that these statements are relevant and material to his defense. If so, we believe they can be more properly pleaded to avoid negative reflections upon plaintiffs' decedent. Therefore, plaintiffs' preliminary objections in the form of a motion to strike for scandalous or impertinent matter is granted.

## ORDER

Now, this October 27, 1987 upon consideration of the briefs and following the arguments of counsel, it is ordered that plaintiffs' preliminary objections in the form of a motion to strike allegations "that defendant at the time of any alleged acts had a defect or disease of the mind which made him incapable of determining right from wrong" is granted and the language is ordered stricken.

It is further ordered that plaintiffs' preliminary objection in the form of a motion to strike allegations "in point of fact, Pamela Smith had a long history of living off of others and was a chronic alcoholic" is granted and the language is ordered stricken.