**In re AIRCRASH DISASTER NEAR MONROE, MICHIGAN ON JANUARY 9, 1997.**

**No. 97–MDL–1178.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 15, 1998.

---

*OPINION AND ORDER*

FEIKENS, District Judge.

**1.** *BACKGROUND*

On January 9, 1997, Comair flight # 3272, air service from Cincinnati to Detroit, crashed near Monroe, Michigan as it began its final approach to Detroit Metropolitan Airport. All 26 passengers and three crew members on-board were killed. Representatives of 28 decedents sued two main defendants: Comair, Inc. ("Comair"), the airplane operator, and Embraer–Empresa Brasileira de Aeronautica, S.A. ("Embraer"), the manufacturer of the plane.[1]

These cases were originally filed in both state and federal courts across the country. Embraer removed all state court cases to the appropriate federal forum, and the Judicial Panel on Multi–District Litigation ("Panel") consolidated these cases for pretrial proceedings before me. *See* 28 U.S.C. § 1407. Following settlement discussions, sixteen cases

---

1. The other defendants are Delta Airlines, Comair Holdings, Inc.—Comair's subsidiary, and Embraer Aircraft Corporation—Embraer's U.S. subsidiary.

(involving 18 decedents) are still active. I have original jurisdiction over four.[2] The remaining cases which are not settled will be remanded to the jurisdictions in which they were filed or removed when I determine these pretrial proceedings are completed.

Comair has filed a motion seeking a ruling on a choice of law issue as it relates to punitive damages. Comair argues that Michigan law should govern these cases because Michigan's Wrongful Death Act does not allow punitive damages. *In re Disaster at Detroit Metropolitan Airport on August 16, 1987*, 750 F.Supp. 793, 805 (E.D.Mich.1989). The Plaintiffs Steering Committee ("PSC") argues that either the law of Florida or Kentucky should be applied to the punitive damages issue because these jurisdictions allow punitive damages recoveries. *See Martin v. United Security Services, Inc.*, 314 So.2d 765 (Fla.1975); *Goff v. Taylor*, 708 S.W.2d 113 (Ky.App.1986).

The Panel has stated that when a case is transferred under 28 U.S.C. § 1407 "the transferee judge has the jurisdiction and power over pretrial proceedings in the actions transferred ... that the transferor judge would have had in the absence of transfer." *In re FMC Corp. Patent Litigation*, 422 F.Supp. 1163 (Jud.Pan. Mult.Lit.1976). To narrow the issues that need to be tried, I now decide what law governs the availability of punitive damages in the cases before me.

#### 2. *ANALYSIS*

The general approach to a choice of law issue is to first determine what states have sufficient contact with the cases. A transferee judge must then determine if the laws of such fora are in conflict. If no conflict exists, no need exists to make a choice of law decision. *Id.* at 796.

▇ In a case in which a conflict exists, a transferee judge applies the choice of law rules of the transferor forum. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Modern choice of law analysis is driven by the "interest" a jurisdic-

tion has in an issue. Because jurisdictions have different interests, *In re Disaster* applied the principle of *depecage* in determining what rule of law would be applied "to each particular issue in which a conflict is presented." *In re Disaster at Detroit Metropolitan Airport on August 16, 1987*, 750 F.Supp. 793, 797 (E.D.Mich.1989).

▇ In discussing the punitive damages issue, my colleague Judge Julian Abele Cook, Jr., in *In re Disaster*, held that the law of the domicile or residence of the plaintiff was not relevant because "the decision by a state on whether to allow punitive damages focuses solely on corporate regulatory versus corporate protective policies." *Id.* at 805. I follow his holding in *In re Disaster*, to wit: that a decedent's state of domicile has no interest in the punitive damages issue.

#### a. The punitive damages issue as it applies to defendant Embraer.

In accord with the *In re Disaster* approach, a choice of law decision is needed only when "the relevant state law[s] differ or conflict." *Id.* at 796. I note that only Brazil and Michigan have an interest in whether punitive damages apply. Brazil is Embraer's headquarters, the place where the plane was designed and manufactured, and the place where any alleged wrongdoing occurred. *See In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*, 987 F.Supp. 975 (E.D.Mich.1997).

Michigan is the site of the aircrash; Michigan's emergency units responded to the crash, and Detroit Metropolitan Airport, located in Romulus, Michigan, was the flight's scheduled destination. Neither the laws of Michigan nor the laws of Brazil allow punitive damages. *In re Disaster*, 750 F.Supp. at 805; Codigo Brasileiro de Aeronautica (Brazilian Arial Code)—Brazilian Federal Law No. 7.565/86. Thus, there can be no claim for punitive damages against Embraer.

▇ The PSC argues that Florida law should govern as to Embraer's liability for punitive damages because Embraer's subsid-

**2.** The *Wansedel v. Comair, Inc.*, Civil Action No. 97–73018; *Sharangpani v. Comair Holdings, Inc.*, Civil Action No. 98–73527, and *Rosiak v. Comair, Inc.*, Civil Action No. 97–74086 suits were originally filed in the Eastern District of Michigan. I also have exclusive jurisdiction over the *Reece v.Empresa Brasileira de Aeronautica, S.A.*, Civil Action No. 98–71496 suit because it was transferred from the Central District of California under 28 U.S.C. § 1404.

iary, Embraer Aircraft Corporation, is incorporated in Florida. The PSC analogizes Embraer's relationship to Florida as being the equivalent of Northwest Airlines' relationship to Michigan in the *In re Disaster* case. The PSC asserts that as Northwest's substantial ties to Michigan allowed for the imposition of Michigan's punitive damages law in *In re Disaster*, so Embraer's substantial ties to Florida should allow for the imposition of Florida punitive damage law in this case. This reads too much into *In re Disaster*. It does not hold that the punitive damage laws of any state having a substantial relationship to a defendant should be considered as a concerned jurisdiction. Rather, it holds that a court should look at the punitive damage laws of jurisdictions having **both** contact with the lawsuit and a significant relationship to a defendant. The mere fact that an Embraer subsidiary is incorporated in Florida, standing by itself, has no nexus to the present cases and is insufficient to give Florida an interest in having its law applied. Florida law is therefore irrelevant.

### b. The punitive damages issue ·as it applies to defendant Comair.

I begin my analysis with a determination of those states which have an interest in whether punitive damages should be applied to Comair. As with Embraer, the interested jurisdictions are the defendant's home state and the place of the aircrash. For Comair, this means that Kentucky and Michigan laws on punitive damages must be analyzed. Michigan does not allow punitive damages. *In re Disaster*, 750 F.Supp. at 805. Kentucky does. *Goff v. Taylor*, 708 S.W.2d 113 (Ky.App.1986). Thus, I must apply the choice of law principles of the forum in which each case was originally filed to resolve this conflict. I must analyze the choice of law rules of Michigan, Florida, Mississippi, and Ohio.[3]

### i. Michigan.

The situation in the cases before me is nearly identical to that of *In re Disaster*.

That case involved a crash of a Northwest Airlines plane shortly after taking off from Detroit Metropolitan Airport. The law of Minnesota, Northwest's principal place of business, allowed for punitive damages, while Michigan, the place of the aircrash, did not. Because numerous *In re Disaster* plaintiffs filed their cases in Michigan, *In re Disaster* applied Michigan's choice of law rules to resolve this conflict based on its punitive damages policy. *In re Disaster* 750 F.Supp. at 804–08.

■ *In re Disaster* noted that Michigan abandoned the *lex loci delicti* rule in favor of a policy of applying Michigan law unless there is a "rational reason" to apply the law of a different state. *Id.* at 797; *Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 562 N.W.2d 466, 472 (Mich.1997). A rational reason to displace Michigan law exists where 1) a foreign state has an interest in having its law applied, and 2) Michigan's interest in applying its law is superseded by this foreign interest. *Sutherland*, 562 N.W.2d at 472. *In re Disaster* discussed at length the important interest that a state has in imposing punitive damages on a corporation whose principal place of business is located within its borders. Such an interest, however, was insufficient to displace Michigan's law barring punitive damages. Michigan has a predominant interest in protecting the financial integrity of corporations who conduct substantial business within its borders because this enables its citizenry to earn livelihoods. Because a bar on punitive damages furthers this policy, *In re Disaster* applied Michigan's punitive damages law.

■ The PSC does not dispute that *In re Disaster* is the controlling case. Instead, the PSC interprets *In re Disaster* as applying Michigan law only because Northwest had a "hub" in Detroit. Because Comair does not have a Michigan "hub," the PSC argues that Michigan's interests in the cases before me are insufficient. This overemphasizes *In re Disaster's* discussion of Northwest's "hub." *In re Disaster* does not say that Michigan only has an interest in protecting companies

---

3. Cases originally filed in California and Kentucky are also pending. These cases, *Reece* and *Nilsen v. Embraer–Empresa Brasileira de Aeronautica, S.A.*, Civil Action No. 97–75583, respectively, involve members of the crew whose survivors have not filed claims against Comair. This means there is no need for me to consider the choice of law principles of these two jurisdictions.

with a "hub" within its borders. Instead, the discussion regarding the hub arose in the context of showing that it was no "mere fortuity" that the *In re Disaster* crash occurred in Detroit. *In re Disaster,* 750 F.Supp. at 807, n. 22. Similarly, the aircrash at issue here did not occur in Michigan as a result of a mere coincidence. Detroit Metropolitan Airport was this flight's destination, and the crash occurred as the pilots began their final approach to the airport. Thus, as in *In re Disaster,* the present cases are not "the typical 'fly over' case in which a plane crashes while passing through [a state's] airspace." *Id.* at n. 22.

Comair operates flights into and out of Michigan daily. This not only generates jobs in and revenue for the state, but also provides an artery for the transportation of its citizens. Michigan clearly has a compelling interest in encouraging an airline such as Comair to conduct business within its borders. Thus, I apply the reasoning in *In re Disaster,* and hold that Michigan would apply its own punitive damages law to the claims against Comair.

### ii. Florida, Mississippi, and Ohio.

I must also analyze the choice of law decisions in which Florida, Mississippi, and Ohio courts would engage. These three states follow the RESTATEMENT (SECOND) CONFLICT OF LAWS' choice of law methodology. *Mitchell v. Craft,* 211 So.2d 509, 515 (Miss.1968); *State Farm Mutual Automobile Ins. Co. v. Olsen,* 406 So.2d 1109 (Fla.1981); *Nationwide Mut. Ins. Co. v. Black,* 102 Ohio App.3d 235, 656 N.E.2d 1352 (Ohio App. 1995). Following the Restatement, the law of the place of injury governs wrongful death actions unless "some other state has a more significant relationship." RESTATEMENT (SECOND) CONFLICT OF LAWS § 175. While this Restatement approach is phrased slightly different, the Restatement analysis "parrot[s] the contacts and interests presented under Michigan's choice of law approach." *In re Disaster* 750 F.Supp. at 811. Courts in Florida, Mississippi, and Ohio, would therefore also apply Michigan's law on punitive damages.

In summary, the courts of the four states where cases against Comair were originally filed would apply Michigan's law to the punitive damages issue. The Michigan Wrongful Death Act does not allow punitive damages.

### CONCLUSION

No interested jurisdiction allows for the imposition of punitive damages against defendant Embraer. All relevant states apply Michigan law preventing punitive damages against defendant Comair. As a matter of law, punitive damages cannot be sought against any of the defendants in this case.

**IT IS SO ORDERED.**