[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PREJUDGMENT REMEDY
On this application for a prejudgment remedy, plaintiff Kathryn Schiaroli, claims she was injured on June 24, 2001, when an automobile owned and operated by the defendant Horvath, struck her. The court heard testimony from the plaintiff on October 23 and from Dr. Fogg-Waberski, a psychiatrist treating the defendant on November 20, 2001.
The accident was serious, plaintiff being pinned for approximately 20 minutes before being transported to a hospital by ambulance. The plaintiff allegedly sustained a fracture of her ankle, which required a leg cast, dislocation of her left shoulder, loss of consciousness, and was hospitalized for nine days and to date has incurred medical bills in the amount of $17,674. She claims a loss of work as a school teacher of three days at the end of the 2001 school year when she was earning an annual salary of $58,600 and a probable loss of work for 16 weeks in the current school year when she is earning an annual salary of $63,000. CT Page 16516
She further claims that as a result of this accident she lost the opportunity for a summer teaching position which could have paid her $800 and has been unable to tutor a private client for which she would have been paid $50 per hour.
While there is no conclusion of permanent injury from any medical provider, the accident occurred only this past June and there is a likelihood that further surgery may be required on her ankle, possibly requiring a screw and bone graft.
Plaintiff has claimed also that she suffered a traumatic brain injury and a short-term memory loss, which has been documented, but she appears to be performing normally at this time.
Plaintiff's claim for a shoulder injury occurring in the hospital when she fell off the x-ray machine does not appear to be proximately caused by this accident.
Defendant's primary defense to liability has been that she lacked the mental capacity to conform her behavior to that of a reasonably prudent person at the time of the accident and Dr. Fogg-Waberski testified to that effect. However, while lack of mental capacity has been recognized in Connecticut as a defense to a tort requiring intent and as a factor affecting the contributory negligence of a plaintiff, no authority has been found crediting lack of mental capacity as a defense to the kind of negligence with which the defendant is charged in this case. See Turnerv. Caldwell et al., 36 Conn. Sup. 350 (1980).
It is found that there is probable cause that plaintiff has suffered or will suffer damage of $153,000, for which the defendant is liable and that defendant carries a liability policy with a limit of $100,000. Accordingly, a prejudgment remedy is granted in the amount of $53,000.
Wagner, JTR